ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

JACOB FRAZIER.

1. NEGLIGENCE—*comparative—of railroad companies, and herein, of permitting weeds and grass to grow upon their right of way.* A railroad company is held to the same, but no higher duty, to keep their right of way free from grass or weeds, than are the adjoining land owners and proprietors, to keep the adjoining lands free from grass or weeds.

2. FORMER DECISIONS. The rule laid down in the case of *Bass* v. *The Chicago, Burlington & Quincy R. R. Co.*, 28 Ill. 9, in regard to the duty of railroad companies to prevent the growth of weeds upon their track, not being concurred in by two of the judges then upon the bench, is not regarded as controlling this case in which a similar question arises.

APPEAL from the Circuit Court of Marion County; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion states the case.

Mr. GEORGE W. WALL, for the appellants.

Mr. B. B. SMITH and Messrs. CASEY & DWIGHT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case for damages occasioned by the escape of fire from appellants' engine to their right of way and thence to appellee's meadow and grounds, whereby hay, rails and hedge were burned. We had occasion in the case of *Ohio & Miss. R. R. Co.* v. *Shanefelt*, (*ante p.*) which was the same as this in all of its material points, to discuss the questions raised upon this record, and in which we held that a railroad was under the same, but no higher, duty to keep their right of way free from grass and weeds than are the adjoining land

64—47TH ILL.

holders and proprietors.   In that case it was held that the evidence failed to establish such negligence as would render the railroad company liable; and that case being similar to this, it must control.

The case of *Bass* v. *The Chicago, Burlington & Quincy Railroad Co.*, 28 Ill. 9, is referred to as supporting the decision of the court below in this case.   In that case, it will be observed that two of the judges expressly decline to give any opinion as to the question of the duty of railroad companies to prevent the growth of weeds and grass upon their right of way. Hence it follows that case is not and cannot be held to control this on the question of negligence in permitting grass and weeds on the track of the road.   The judgment of the court below is reversed and the cause is remanded.

*Judgment reversed.*

Mr. CHIEF JUSTICE BREESE, dissenting :

For the reasons given by me in the dissenting opinion in Shanefelt's case, I do not concur in this opinion.